## STATE *vs.* JAMES E. DOUGLASS.

### Cumberland.    Opinion February 14, 1922.

*An indictment for selling intoxicating liquor includes cider, only when it is sold*
*for tippling purposes, or as a beverage.    Hence, a respondent so indicted is*
*furnished with knowledge of the offense charged.    Cider sold for tippling*
*purposes or as a beverage is an intoxicating liquor.    The actual*
*sale of intoxicating liquor under our statute is a malum prohibi-*
*tum, and intent is not an ingredient of the offense charged.*

The indictment is in the form prescribed by the statute.    The first four excep-
tions, though expressed in different forms, in the last analysis come down
to the single inquiry of whether evidence of selling cider as a beverage or for
tippling purposes, is admissible at all under an indictment charging an offense
which involves proof of a plurality of sales of intoxicating liquor.

The respondent claims that the mere selling of cider as such, is not an offense
under the statute, and therefore, in order to charge it as an offense the indict-
ment must describe the sales as for a beverage or for tippling purposes, so
as to bring them within the inhibition of the statute.

The exceptions raise a question of proof rather than pleading.    The statute
in terms has prohibited the sale of intoxicating liquors, and proof of sale of
any intoxicating liquor proves the offense.    Cider sold for tippling pur-
poses or as a beverage is an intoxicating liquor, and the moment it is so sold,
it comes within the prohibited category of liquors enumerated in the statute.

On exceptions.    The respondent was indicted at the January
Term, 1920, of the Superior Court for the County of Cumberland,
for being a common seller of intoxicating liquors in violation of
Sec. 23, of Chap. 127, of the R. S.    Respondent objected to the
admission of testimony to the effect that the sale was of cider, and
that under the indictment as drawn, it could not be shown that
cider was sold, unless sold for tippling purposes or as a beverage,
and that the indictment should so expressly recite.    The testi-
mony was admitted and respondent took exceptions.    Other excep-
tions were taken to the refusal of the presiding Justice to give
certain requested instructions.    The jury found the respondent guilty.
Exceptions overruled.

The case is sufficiently stated in the opinion.

*Clement F. Robinson, County Attorney, and Ralph M. Ingalls, Assistant County Attorney,* for the State.

*Francis W. Sullivan, and Henry Cleaves Sullivan,* for the respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This case comes up on exceptions, and involves an indictment from the Cumberland Superior Court charging the respondent with the offense of being a common seller as follows:

"The Grand Jurors for said State upon their oath present that James E. Douglass of Gorham, in said County, on the first day of May, A. D. 1919, and continually thereafter up to the day of finding of this indictment, at Westbrook, in said County, without lawful authority, license or permission, was a common seller of intoxicating liquors against the peace of the State, and contrary to the form of the Statutes in such case made and provided."

. The indictment is in the form prescribed by the statute. The first four exceptions, though expressed in different forms, in the last analysis come down to the single inquiry of whether evidence of selling cider as a beverage or for tippling purposes, is admissible at all under an indictment charging an offense which involves proof of a plurality of sales of intoxicating liquor. The respondent claims that the mere selling of cider as such, is not an offense under the statute, and that therefore, in order to charge it as an offense the indictment must describe the sales as for a beverage or for tippling purposes, so as to bring them within the inhibition of the statute.

In support of the above contention, the respondent cites *State* v. *Dunlap,* 81 Maine, 389, but the case is not pertinent. The indictment was not for selling intoxicating liquors, but for selling cider, and as selling cider, per se, was not an offense, it is perfectly obvious that an indictment merely charging the sale of cider would not charge any offense. Nothing more was involved in that case.

The present case, however, charges an entirely different offense. Here the indictment charges a common seller, a plurality of sales of intoxicating liquor. Intoxicating liquors in R. S. Chap. 127, Sec. 21 are defined as follows:

"Wine, ale, porter, strong beer, lager beer and all other malt liquors and cider when kept or deposited with intent to sell the same for tippling purposes, or as a beverage, as well as all distilled spirits, are declared intoxicating within the meaning of this chapter; but this enumeration shall not prevent any other pure or mixed liquors from being considered intoxicating."

In the present case the defendant is charged with a plurality of sales of intoxicating liquors. That is what constitutes a common seller. The statute makes cider, kept with intent to sell it for tippling purposes, or as a beverage, an intoxicating liquor.

An indictment for selling intoxicating liquor, then, includes cider, only when it is sold for tippling purposes, or as a beverage. Therefore, a respondent indicted as a common seller for selling cider, can be so indicted, only upon the hypothesis that he is selling it for tippling purposes, or as a beverage. Hence, a respondent so indicted is furnished with knowledge that he is charged, under the statute, with the offense of selling cider for tippling purposes, or as a beverage.

We are unable, therefore, to discern why, when a respondent is charged with being a common seller of intoxicating liquor, he does not have the same knowledge of the offense, when proof is offered in support of the charge, that he has sold cider as a beverage, or for tippling purposes, that he would have if proof was offered that he had sold whiskey, beer, ale, porter, or some mixed liquor in proof of the same charge.

We think the exceptions raise a question of proof rather than of pleading. This interpretation is fully sustained by *State* v. *Dorr*, 82 Maine, 342 in which it is said:

"The respondent makes several objections to the indictment. (2) That the indictment does not specify the particular kind of intoxicating liquor he unlawfully sold. No such specification is necessary. The statute in terms has prohibited the sale of intoxicating liquors. Proof of sale of any intoxicating liquor proves the offense. The State need not allege more than it need prove."

After the charge to the jury, the respondent requested two instructions, both of which were refused but the latter of which only, it is necessary to quote, as it fully comprises the contents of the first. It is as follows:

"Cider sold 'for tippling purposes or as a beverage' means cider sold by a seller who knows or ought to know that it is to be drunk as a beverage and bought by a buyer who intends to drink it or shares it with others as a beverage and who actually does share it with others or drink it himself as a beverage."

In support of this exception counsel cites *Owens* v. *People*, 56 Ill. App. 570 and *Commonwealth* v. *Joslin*, 158 Mass., 482, 489. We are of the opinion that neither case cited, supports the requested instructions. If they did we should be unable to follow them, for the reason that under our statute, it is only necessary to prove, in order to sustain the indictment, that the cider was sold for tippling purposes, or as a beverage, regardless of the intent.

Cider sold for tippling purposes or as a beverage is an intoxicating liquor. The moment it is so sold, it is as clearly within the prohibited category of liquors as whiskey, beer, ale, porter, or any other of the liquors enumerated in the statute.

The actual sale of intoxicating liquor under our statute is a malum prohibitum, and intent is not an ingredient of the offense charged. Proof of a sale, regardless of the intent, is sufficient to establish a violation of the prohibitory law.

*Exceptions overruled.*